IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CURTIS L. BARNES | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-148 |
| DIRECTOR, TDJC-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Curtis L. Barnes, an inmate confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division in Huntsville, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner is in custody pursuant to a criminal conviction in Kaufman County, Texas, which is located within the geographical boundaries of the Dallas Division of the United States District Court for the Northern District of Texas. At the time he filed the petition, petitioner was confined at the Hughes Unit, which is located within the boundaries of the Waco Division of the Western District Texas. Petitioner filed this petition in the Waco Division of the Western District of Texas. The petition was transferred to this court because petitioner challenges a disciplinary conviction he received at the Polunsky Unit, which is located within the geographical boundaries of the Lufkin Division of the Eastern District of Texas.

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus either in the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). A district court does not have jurisdiction to consider a petition attacking a disciplinary proceeding that occurred within the district if the state court conviction and current place of incarceration are not within the geographical boundaries of the district. *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Because petitioner is not confined, and was not convicted, in the Eastern District of Texas, this court lacks jurisdiction to consider the petition. The court has considered the circumstances and has determined that the interests of justice would be served by transferring this petition back to the district where petitioner is confined. It is accordingly

**ORDERED** that this petition for writ of habeas corpus is **TRANSFERRED** to the Waco Division of the United States District Court for the Western District of Texas.

**SIGNED this the 28th day of August, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE